United States District Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANNAH ALAOUI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-21-2549 |
| § | |
| UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCE CENTER AT HOUSTON, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On August 6, 2021, Jannah Alaoui ("Plaintiff") filed Plaintiff Jannah Alaoui's Original Complaint and Jury Demand ("Complaint"), bringing claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA") and of retaliation for requesting and taking protected leave under the Family and Medical Leave Act ("FMLA") against defendant University of Texas Health Science Center at Houston ("Defendant").[1]  Defendant has moved to dismiss Plaintiff's Complaint as barred by the Eleventh Amendment.[2]  For the reasons explained below, Defendant's Motion will be granted.

---

[1] Complaint, Docket Entry No. 1, p. 1.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Defendant University of Texas Health Science Center at Houston's Motion to Dismiss Plaintiff's Complaint ("Defendant's Motion"), Docket Entry No. 13, p. 1.

I.  Facts and Procedural Background

Plaintiff began working as a Certified Nurse Midwife for Defendant on August 4, 2015.³ In 2019 Plaintiff was diagnosed with ankylosing spondylitis, chronic inflammation of the ligaments of her spine.⁴ Plaintiff had to take pain medication and an immunosuppressant medication to treat her condition.⁵ By early 2019 Plaintiff had informed her supervisor that she had an autoimmune condition and would need to take multiple days off for treatment.⁶ Plaintiff has also suffered from asthma from birth.⁷ Because of her health conditions and the COVID-19 pandemic, Plaintiff asked Defendant if she could work from home and practice telemedicine.⁸ Plaintiff contends that Defendant violated the ADA by (1) failing to reasonably accommodate her request and (2) terminating Plaintiff in retaliation when she complained that she was being discriminated against.⁹

On or about June 26, 2020, Plaintiff requested leave under the FMLA for surgery, and Defendant approved her request to take six

---

³Complaint, Docket Entry No. 1, p. 2 ¶ 7.

⁴Id. ¶ 13.

⁵Id. at 2-3 ¶¶ 14-15.

⁶Id. ¶¶ 10, 16.

⁷Id. at 3 ¶ 17.

⁸Id. ¶¶ 19-22.

⁹Id. at 9-10 ¶¶ 87, 93.

weeks of leave for the surgery and recovery.[10] Plaintiff states that she had surgery on July 9, 2020, and that she received written notice the next day informing her that her position was being eliminated.[11] Plaintiff contends that Defendant's actions constitute unlawful retaliation in violation of the FMLA.[12]

Plaintiff alleges that "Defendant . . . is a governmental subdivision and state entity operated as part of the University of Texas System."[13]

On September 7, 2021, Defendant filed the pending motion to dismiss Plaintiff's Complaint.[14] Plaintiff has not filed a response.

## II. Analysis

Defendant argues that Plaintiff's claims "are wholly barred by Eleventh Amendment immunity."[15]

### A. The Eleventh Amendment Is a Jurisdictional Bar

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. "A case is

---

[10] Id. at 7 ¶ 65.

[11] Id. ¶¶ 66-69.

[12] Id. at 10 ¶ 99.

[13] Id. at 1 ¶ 2.

[14] Defendant's Motion, Docket Entry No. 13.

[15] Id. at 1 (citing Sullivan v. Texas A&M University System, 986 F.3d 593, 596 n.1 (5th Cir. 2021) ("By its terms, the [Eleventh] Amendment does not apply . . . where a citizen sues his own State (or an agency of that State). Still, the Supreme Court has often used 'Eleventh Amendment immunity' as a synonym for the States' broader constitutional sovereign immunity." (citations omitted)).

properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Hooks v. Landmark Industries, Inc., 797 F.3d 309, 312 (5th Cir. 2015) (internal quotations and citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Id. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Eleventh Amendment immunity is a jurisdictional bar. See United States v. Texas Tech University, 171 F.3d 279, 285 (5th Cir. 1999) ("While often noted for preserving state sovereignty, the [Eleventh] Amendment only accomplishes this end through jurisdictional limitation."). The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by its own citizens or citizens of other states. Pennhurst State School & Hospital v. Halderman, 104 S. Ct. 900, 908 (1984). Absent a valid waiver of immunity, Defendant is entitled to Eleventh

Amendment immunity.  See Duncan v. University of Texas Health Science Center at Houston, 469 F. App'x 364, 366 (5th Cir. 2012) ("As a public university, UTHealth enjoys the state's sovereign immunity.").  To determine whether Congress intended to abrogate a state's Eleventh Amendment immunity by statute, the court must determine "first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority."  Kimel v. Florida Board of Regents, 120 S. Ct. 631, 640 (2000).

**B.   Plaintiff's ADA Claims Are Barred By Eleventh Amendment Immunity**

Plaintiff brings employment discrimination and retaliation claims against Defendant pursuant to Title I of the ADA, 42 U.S.C. § 12111, et seq., as amended.[16]  Title I of the ADA prohibits covered entities from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  "Title I of the ADA does not validly abrogate the states' sovereign immunity, meaning that Title I claims cannot be heard by the federal courts."  Mora v. University of Texas Southwestern Medical Center, 469 F. App'x 295, 296 (5th Cir. 2012); see also Board of Trustees of

---

[16]Complaint, Docket Entry No. 1, pp. 9-10 ¶¶ 86-97.

the University of Alabama v. Garrett, 121 S. Ct. 955, 960 (2001) (holding that a suit for "money damages by reason of the State's failure to comply with the provisions of Title I of the [ADA]" is "barred by the Eleventh Amendment").

The State of Texas has not waived its immunity from suit with respect to the ADA. See Perez v. Region 20 Education Service Center, 307 F.3d 318, 332 (5th Cir. 2002) ("The Texas Labor Code . . . does not contain a clear and unequivocal waiver of immunity from suit with respect to the ADA, a distinct federal statute."). "Therefore, [UT Health] has Eleventh Amendment immunity from ADA discrimination suits." See Shabazz v. Texas Youth Commission, 300 F. Supp. 2d 467, 472 (N.D. Tex. 2003). Lacking a valid waiver, Plaintiff's ADA claims against Defendant are barred by the Eleventh Amendment and must be dismissed for lack of subject-matter jurisdiction.

## C. Plaintiff's FMLA Retaliation Claims Are Barred By Eleventh Amendment Immunity

Plaintiff also brings a retaliation claim stemming from her use of FMLA leave for surgery.[17] The FMLA guarantees eligible employees twelve workweeks of leave during any twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the function of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). However, Eleventh Amendment immunity

---

[17]Complaint, Docket Entry No. 1, p. 7 ¶¶ 63, 65; pp. 10-11 ¶¶ 98-102.

bars "self-care" claims brought under this provision. Nelson v. University of Texas at Dallas, 535 F.3d 318, 321 (5th Cir. 2008); Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327, 1338 (2012). Eleventh Amendment immunity also bars retaliation claims stemming from a plaintiff allegedly "exercising [his] rights to personal medical leave under § 2612(a)(1)(D)." Solley v. Big Spring State Hospital, No. Civ. A. 1:03-CV-094-C, 2004 WL 1553423, at *4 (N.D. Tex. 2004); Alfred v. Harris County Hospital District, 666 F. App'x 349, 352 (5th Cir. 2016) ("a state enjoys sovereign immunity from suit for an FMLA claim for retaliation based on the self-care provision"). As a result, Plaintiff's FMLA claims are barred by sovereign immunity and must be dismissed for lack of subject-matter jurisdiction.

## III. Conclusion and Order

For the reasons explained above, the court concludes that it lacks subject-matter jurisdiction over this action. Accordingly, Defendant University of Texas Health Science Center at Houston's Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 13) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 30th day of September, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE